IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 02 2010
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| Lisa Shepherd, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:10 cv-1396 JMS-DML |
| Prince-Parker & Associates, Inc., a North Carolina corporation, | ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Lisa Shepherd, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for those violations, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Lisa Shepherd ("Shepherd"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T for phone services.

4. Defendant, Prince-Parker & Associates, Inc., ("Prince-Parker"), is a North Carolina corporation that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Prince-Parker was acting as a debt collector as to the debt it attempted to collect from Ms. Shepherd.

## FACTUAL ALLEGATIONS

5. On August 18, 2010, Defendant Prince-Parker began calling Ms. Shepherd's job and began leaving messages on her non-private voice-mailbox – a voice-mailbox to which her co-workers also had access, and which they did access, in order to respond to any messages left on same. The message it left was:

> "This message is actually for Lisa Shepherd. I need Lisa Shepherd to call. My name is Ann Thornton. My call back number is 704-841-2424. Extension2546. Thank you."

6. Then on August 25, 2010, Defendant Prince-Parker again called Ms. Shepherd at work and left the following message:

> "Hey Lisa, this is Antoine, if you can please give me a call back at 800-276-2423. Extension 2550. I have a claim that has been placed in my office. F R as in rabbit 2391. Please give me a call."

7. After investigating who was calling her, on October 12, 2010, Ms. Shepherd called Defendant Prince-Parker to protest it having called her at work and leaving voice-mail messages on her voice-mail, which is readily accessible to her co-workers and employers. In response to her call, Defendant Prince-Parker's debt collector told Ms. Shepherd that any request to stop calls at work had to be in writing, and also demanded that payment be made that day of the $243 debt or else he "would be releasing the case and sending it to the attorney".

8. In fact, pursuant to § 1692c(a)(3) of the FDCPA, Defendant Prince-Parker was not allowed to call Ms. Shepherd at work, after having been told by Ms. Shepherd that she was not allowed to receive such telephone calls at work, regardless of whether she told it so verbally or in writing, see, 15 U.S.C. § 1692c(a)(3). Moreover, Prince-Parker was not going to, nor did it, send the $243 debt to an attorney.

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant Prince-Parker's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e And § 1692f Of The FDCPA -- False And Unfair Collection Actions

11. Plaintiff adopts and re-alleges ¶¶ 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), while § 1692e(5) prohibits a debt collector from threatening to take any action that is not intended to be taken. Moreover, section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

13. Defendant Prince-Parker violated these provisions by, including, but not limited to:

   a) telling Ms. Shepherd that the law required that any request to cease communication at work had to be in writing, when the law does not require her to do so; and,

   b) threatening to send Ms. Shepherd's debt to an attorney when it had no right, nor any intention to do so; and.

  14. Defendant Prince-Parker's violations of § 1692e and § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e(11) Of The FDCPA – Failure To Disclose That A Communication Is From A Debt Collector

  15. Plaintiff adopts and realleges ¶¶ 1-10.

  16. Section 1692e(11) of the FDCPA prohibits a debt collector from failing to disclose in communications with a consumer that the communication is from a debt collector and that any information obtained will be used for that purpose, see, 15 U.S.C. § 1692e(11).

  17. Defendant, by failing to make the disclosures required by § 1692e(11) of the FDCPA in its two voice-mail messages to Ms. Shepherd, violated of § 1692e(11) of the FDCPA.

  18. Defendant Prince-Parker's violations of § 1692e(11) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692g Of The FDCPA –
### Failing To Provide The 30-Day Validation Notice

19. Plaintiff adopts and re-alleges ¶¶ 1-10.

20. Section 1692g(a) of the FDCPA requires that, within 5 days of Defendant Prince-Parker's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it, see, 15 U.S.C. § 1692g(a).

21. To date, Ms. Shepherd has not received the notice required by § 1692g of the FDCPA from Defendant Prince-Parker. Defendant has, therefore, violated § 1692g of the FDCPA.

22. Defendant's violation of § 1692g of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692c(a)(3) Of The FDCPA –
### Failure To Disclose That A Communication Is From A Debt Collector

23. Plaintiff adopts and realleges ¶¶ 1-10.

24. Section § 1692c(a)(3) of the FDCPA prohibited Defendant Prince-Parker from calling Ms. Shepherd at work, after having been told by Ms. Shepherd that she was not allowed to receive such telephone calls at work, regardless of whether she tells it so verbally or in writing, see, 15 U.S.C. § 1692c(a)(3). .

25. Defendant, by claiming that any request to not call at work had to be in writing, violated § 1692c(a)(3) of the FDCPA.

26. Defendant Prince-Parker's violation of § 1692c(a)(3) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lisa Shepherd, prays that this Court:

1. Find that Defendant's debt collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Shepherd, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Shepherd, demands trial by jury.

Lisa Shepherd

By: _____
One of Plaintiff's Attorneys

Dated: November 2, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com